# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| Douglas Cox,<br><br>                    Plaintiff,<br><br>vs.<br><br>NANCY A. BERYHILL, Acting Commissioner of Social Security,<br><br>                    Defendant. | 2:18-cv-02413-RFB-VCF<br><br>**REPORT AND RECOMENDATION**<br><br>MOTION TO REOPEN CASE [ECF NO. 5] |

      This matter involves Plaintiff Douglas Cox's appeal from the Administrative Law Judge's ("ALJ") final decision denying his social security benefits. Before the Court is Plaintiff's motion to reopen his case. (ECF. No. 5). This case was closed on June 24, 2019 for lack of proof of service. (ECF No. 4). For the reasons stated below, the Court recommends denying Plaintiff's motion to reopen the case.

## BACKGROUND

      Plaintiff filed a complaint *pro se* against the Commissioner of Social Security on December 21, 2018. (ECF. No. 1). Plaintiff sought review of the ALJ's final decision denying his application for disability insurance benefits under Title II of the Social Security Act. (*Id.* at 2). The same day, the Clerk sent Plaintiff an advisory letter to the address listed on Plaintiff's complaint. (ECF Nos. 1 at 1; 2 at 1). The advisory letter stated that Plaintiff is "responsible for service of process upon defendants and all costs related to such service." (ECF No. 2 at 2). The letter also stated:

> This is an advisory letter. Please do not rely solely on this letter. All litigants are required to follow the Local Rules of Practice for the District of Nevada.

A copy of the Local Rules can be found on the court's website at www.nvd.uscourts.gov.

(ECF No. 2 at 3). The Clerk did not receive proof of service on Defendant Beryhill. On May 23, 2019 the Clerk sent Plaintiff notice that his case would be dismissed pursuant to Federal Rule of Civil Procedure 4(m), "unless proof of service is filed with the clerk by 6/21/2019." (ECF No. 3). The Clerk mailed this notice to the address listed on Plaintiff's complaint. (ECF Nos. 1 at 1; 3). Plaintiff did not respond, and on June 24, 2019 the court dismissed the case without prejudice. (ECF No. 4).

Plaintiff does not acknowledge receiving the clerk's advisory letter. (ECF No. 5 at 1). Plaintiff states he did not serve Defendants because "the lady at the desk who took my paperwork [Complaint] stated that I will be notified when I need to take the next step." (*Id*.). Plaintiff does acknowledge receiving the Clerk's notice of intent to dismiss. (*Id*.). Plaintiff states he visited the Clerk's office after receiving the notice of intent to dismiss his complaint. (*Id*.). There, Plaintiff claims a "gentleman at the desk," told him he had until June 26, 2019 to file proof of service. (*Id*.). Plaintiff thought he had been given an extension. (*Id*.). On June 25, 2019, Plaintiff filed a motion to renew the case. (*Id*.).

## DISSCUSSION

The Court does not find good cause to reopen Plaintiff's case. Under Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after this complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice…[b]ut if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Plaintiff filed his complaint on December 21, 2018. (ECf No. 1). The case was dismissed on June 24, 2019, 184 days after filing, because Plaintiff failed to serve Defendant Beryhill. (ECF No. 4). Plaintiff

claims he did not serve Defendant because he relied on statements made to him by employees of the Clerk's office. (ECF No. 5 at 1).

"This court recognizes that it has a duty to ensure that *pro se* litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In recognition of this duty, the Clerk's office sent Plaintiff an advisory letter on December 21, 2018 as discussed above. (ECF No. 2). Although this Court recognizes the challenges of *pro se* litigation, the fact that a litigant pursues his case *pro se* cannot form the sole basis of good cause. *Hearst v. West*, 31 F. App'x 366, 369 (9th Cir. 2002) ("The mere fact that [Plaintiff] was *pro se* does not constitute good cause."); *see Wertheimer v. Grounds*, 2015 U.S. Dist. LEXIS 53628, at *8 (N.D. Cal. Apr. 22, 2015) (discussing how Courts must make reasonable accommodations for *pro se* litigants, but cannot refuse to apply the law on a *pro se* litigants behalf).

Plaintiff's claim that he relied on statements made by employees in the Clerk's office does not form good cause either. Signs prominently posted at the Clerk's intake window in the courthouse read, "THE CODE OF CONDUCT FOR JUDICIAL EMPLOYEES PROHIBITS ANY COURT EMPLOYEE FROM PROVIDING LEGAL ADVICE." *See generally* Code of Conduct for Judicial Employees Cannon 2(D). [1] Employees in the Clerk's office do not render legal advice, and Plaintiff may not rely on any statements made by any such employee as legal advice. *See* (ECF No. 2 at 2).

The Court is not moved to reopen the case under Plaintiff's implication that he did not receive the advisory letter. *See* (ECF No. 5 at 1) ("I did not hear anything until I received a letter stating that my case would be dismissed on June 21st.") Under Local Rule IA 3-1, "An attorney or pro se party must immediately file with the court written notification of any change of mailing address, email address,

---

[1] The Code of Conduct for Judicial Employees is available at www.uscourts.gov/rules-policies/judiciary-policies/code-conduct/code-conduct-judicial-employees.

telephone number, or facsimile number." The Clerk mailed the notice of intent to dismiss to the address listed on Plaintiff's complaint. (ECF Nos. 1 at 1; 3). If Plaintiff changed his mailing address after filing his complaint, then it is his responsibility as a *pro se* litigant to notify the court. *See* LR IA 3-1. Plaintiff admits he received the Rule 4(m) notice of intent to dismiss, which was sent to the same address. (ECF Nos. 3; 5 at 1). Because Plaintiff had sufficient opportunity to serve Defendant Berryhill, this Court does not find good cause to reopen his case.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Reopen (ECF No. 5) be DENIED.

DATED this 12th day of July, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE